Matter of Attorneys in Violation of Judiciary Law § 468-a (McArdle) (2022 NY Slip Op 07136)

Matter of Attorneys in Violation of Judiciary Law § 468-a (McArdle)

2022 NY Slip Op 07136

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

PM-225-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Patricia McArdle, Respondent. (Attorney Registration No. 2957280.)

Calendar Date:November 14, 2022

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Patricia McArdle, Dallas, Texas, respondent pro se.

Motion by respondent for an order reinstating her to the practice of law following her suspension by May 2019 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1740 [3d Dept 2019]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's affidavit with exhibits sworn to September 28, 2022 and supplemental affidavit with exhibits sworn to October 27, 2022, and the November 10, 2022 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the Rules of this Court,[FN1] (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 169 AD3d 1151, 1152-1153 [3d Dept 2019]), and having concluded that respondent has complied with the requirements of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5), it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately, subject to the conditions set forth in this decision (see n, supra).
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.

Footnotes

Footnote 1: We do note that, in curing her longstanding registration delinquency in August 2021, respondent improperly asserted her "retired" status, notwithstanding the fact that she has continuously engaged in the practice of law in Texas (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). Accordingly, we direct respondent to file amended registration statements for the biennial registration periods in question and provide proof that she has done so to the Attorney Grievance Committee for the Third Judicial Department and this Court within 30 days of the date of this order (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Stephans], 204 AD3d 1304, 1306 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [DaCunzo], 199 AD3d 1118, 1120-1121 [3d Dept 2021]).